Matter of McKenna, Long & Aldridge, LLP v Ironshore Specialty Ins. Co. (2019 NY Slip Op 07498)





Matter of McKenna, Long & Aldridge, LLP v Ironshore Specialty Ins. Co.


2019 NY Slip Op 07498


Decided on October 17, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2019

Manzanet-Daniels, J.P., Gische, Webber, Moulton, JJ.


651497/17  10114B 10114A 10114 10114E 

[*1] In re McKenna, Long & Aldridge, LLP, Petitioner-Appellant,
v
Ironshore Specialty Insurance Company, et al., Respondents-Respondents, Eidos Partners, LLC, et al., Respondents-Appellants.


Arnold & Porter Kaye Scholer LLP, New York (James M. Catterson, of counsel), for McKenna, Long & Aldridge, LLP, appellant.
Dentons US LLP, Atlanta, GA (R. Matthew Martin of the bar of the State of Georgia, admitted pro hac vice, of counsel), for Eidos Partners, LLC; Eidos III, LLC; Eidos IV, LLC; Eidos Display, LLC; Eidos Advanced Display, LLC; Kamdes Holding, LLC and Eidos, LLC, appellants.
Kaufman Dolowich & Voluck, LLP, New York (Peter A. Stroili and Kevin J. Windels of counsel), for Ironshore Specialty Insurance Company, respondent.
Cole Schotz P.C., New York (Michael D. Sirota of counsel), for
Stairway Legacy Assets L.P., respondent.



Judgment, Supreme Court, New York County (Charles E. Ramos, J.), entered June 18, 2018, in favor of respondent Stairway Legacy Assets, L.P. and against petitioner and respondents Eidos Partners, LLC; Eidos III, LLC; Eidos IV, LLC; Eidos Display, LLC; Eidos Advanced Display, LLC; Kamdes Holding, LLC; and Eidos, LLC (collectively, Eidos), and amended judgment, same court and Justice, entered July 3, 2018, in favor of Ironshore Specialty Insurance Company and against petitioner and Eidos, unanimously affirmed, with costs. Appeals from orders, same court and Justice, entered May 24, 2018, August 2, 2018, August 27, 2018, and August 24, 2018, to the extent not abandoned, unanimously dismissed, without costs, as subsumed in the appeals from the aforesaid judgments.
Contrary to petitioner's and Eidos's arguments about the final arbitration award on which the judgments were entered, the arbitration panel neither exceeded its authority in making the award (see CPLR 7511[b][iii]) nor issued the award in manifest disregard of the law (see Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 480 [2006], cert dismissed 548 US 940 [2006]). The language of the arbitration clause referring to "any controversy, claim or dispute arising in connection with [the insurance] policy [issued by Ironshore]," reflects "such a broad grant of power to the arbitrators as to evidence the parties' clear intent to arbitrate issues of arbitrability" (Shaw Group Inc. v Triplefine Intl. Corp., 322 F3d 115 [2d Cir 2003] [internal quotation marks and bracket omitted]). Moreover, the U.S. District Court for the Southern District of New York determined that petitioner was bound by the arbitration provision in the [*2]policy as an intended third-party beneficiary of the policy (see McKenna Long & Aldridge, LLP v Ironshore Specialty Ins. Co., 2015 WL 144190, *12, 2015 US Dist LEXIS 3347, *31-32 [SD NY 2015]). "[I]t is undisputed that Eidos obtained the policy in order to obtain funds to pay [petitioner's] legal fees" (id.).
As to manifest disregard of the law, petitioner and Eidos failed to show that the arbitration panel "knew of a governing legal principle" that was "well defined, explicit, and clearly applicable," and "yet refused to apply it or ignored it altogether" (Wien, 6 NY3d at 481). The record demonstrates that the panel carefully considered the language in the loan agreement, the insurance policy, the patent agreements (the subject of the litigation), and the law before reaching its conclusions. For example, petitioner contends that the panel was aware of the applicability of Delaware law but refused to apply it, citing Doroshow, Pasquale, Krawitz & Bhaya v Nanticoke Mem. Hosp., Inc. (36 A3d 336 [Del 2012]). However, the panel considered the applicability of Delaware law and Doroshow, and distinguished the case, concluding that it was not applicable. The conclusion that Doroshow did not apply was, at worst, a mistake of law, which does not constitute manifest disregard (Wien, 6 NY3d at 480-481) and is not a ground for vacating an arbitration award (Hackett v Milbank, Tweed, Hadley & McCloy, 86 NY2d 146, 155 [1995]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 17, 2019
CLERK